IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL POLNAC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| V. | § | 4:20-cv-666 |
| | § | |
| CITY OF SULPHUR SPRINGS, | § | |
| JOSHUA DAVIS, and | § | |
| JUSTIN FINDLEY. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT JUDGE:

Plaintiff Michael Polnac files this Original Petition, complaining of Defendants CITY OF SULPHUR SPRINGS, JOSHUA DAVIS, and JUSTIN FINDLEY and states:

### I.

### JURISDICTION

1.    Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

2.    This Court's jurisdiction is based on 28 U.S.C. § 1343 and federal question under 42 U.S.C. § 1983 for unreasonable search and seizure clause of the

Fourth Amendment of the U.S. Constitution and the due process clause under the Fourteenth Amended of the U.S. Constitution.

3.    Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Texas state law claims.

## II.

## VENUE

Under 28 U.S.C. §1391(b)(2), venue is proper in this Court because the events or omissions giving rise to Plaintiff's claims occurred within the Eastern District of Texas; and all the parties reside in this District.

## III.

## PARTIES

1.    Plaintiff Michael Polnac is a resident of Sulphur Springs, Hopkins County, Texas, within the Eastern District of Texas.

2.    Defendant City of Sulphur Springs ("City") is a municipality located in Hopkins County, Texas. The City of Sulphur Springs operates the Sulphur Springs Police Department ("SSPD") and employed individual Defendants Findley and Davis as police officers at all relevant times in question. This Defendant may be served with citation by and through its agent for service of process, City Secretary, Gale Roberts, City of Sulphur Springs, 125 South Davis Street, Sulphur Springs, Texas 75482, or wherever found.

3.    Defendant Justin Findley is an individual residing in Sulphur Springs, Hopkins County, Texas and was an SSPD employee on the occasion in question. This Defendant is being sued in his individual capacity and in his capacity as an SSPD officer. This Defendant may be served with process at <u>2605 CR 1444, Sulphur Springs, Texas 75482, or wherever found.</u>

4.    Defendant Joshua Davis is an individual residing in Mineola, Wood County, Texas and was an SSPD employee on the occasion in question. This Defendant is being sued in his individual capacity and in his capacity as an SSPD officer. This Defendant may be served with process at <u>1600 Robin, Mineola, Texas 75773, or wherever found.</u>

## IV.

## STATEMENT OF FACTS

1.    On October 22, 2018, Plaintiff Michael Polnac, a City of Dallas fireman, was inside his home at 441 Jefferson Street East, Sulphur Springs, Texas, when Sulphur Springs Police Department Officers Joshua Davis (#214) and Justin Findley (#215) were dispatched to Jefferson Street about a quarter after 6pm. Officers Davis and Findley spoke to Polnac's girlfriend in the front yard of Polnac's home and identified Polnac by name and job title. She needed help to jumpstart her vehicle to leave the premises.

2.      While the officers were speaking to Polnac's girlfriend, Polnac came out of his home and stood outside on the front porch.  Officer Findley asked Polnac what was going on and Polnac stated that his girlfriend needed to be gone from the premises. Officer Findley approached Polnac and asked for his identification, which Polnac provided by stating his full legal name and his driver's license number. However, Officer Findley wanted Polnac to show identification. In response, Polnac stated he did not need to show identification because he was at his home.

3.      Because Polnac refused to show identification, raised his voice, and used the word "fuck," Officer Davis then shouted at and physically grabbed Polnac, who had not moved even a step from his standing position on his porch. While grabbing Polnac's arms behind his back and shoving Polnac to the ground, Officers Davis and Findley both continued to scream at Polnac to get on the ground and put his hands behind his back. Then Officer Davis placed handcuffs on Polnac while Officer Findley continued to leverage his body weight through his knee against Polnac's upper back, pinning Polnac facedown to the ground even though Polnac was not moving from his position on the ground. As a result, Polnac sustained physical injuries to his hip, elbow, and wrists.

4.      No crime had been reported. There was no warrant for Polnac's arrest. Yet Officers Findley and Davis arrested Polnac within three minutes of their arrival

on scene even though Polnac made no physical or verbal threat toward them and Polnac had no weapons on him, as evidenced by their body cameras.

5.    At no time did Officer Davis or Officer Findley attempt to de-escalate their aggressions and hostility against Polnac. At no time did Officer Davis or Officer Findley inform Polnac what law was allegedly violated to justify his arrest. At no time did Officer Davis or Officer Findley read Polnac his Miranda rights.

6.    At about 6:30pm, Polnac was transported to jail in Officer Findley's vehicle. During the ride, Polnac asked again why he was arrested and why his Miranda rights were not read to him. Officer Findley responded he would let Polnac know about his charges later. Officer Findley stated he did not have to read Polnac his Miranda rights.

7.    Polnac was jailed overnight not knowing what he was arrested for although he continuously asked for information. Although Polnac asked for medical attention, he was left to bleed overnight from his elbow injuries.

8.    On the morning of October 23, 2020, Polnac was fingerprinted and mugshots were taken and released to the public. Subsequently, a judge first read Polnac his Miranda rights and first informed Polnac he was charged for (a) resisting arrest, search, or transportation and (b) interference with public duties. He bailed out and discovered that his house had been left unlocked with candles still burning.

9.    As a result of his arrest, Polnac was subjected to his employer the City of Dallas's internal affairs process and was considered for a suspension and written reprimand. After much deliberation and show of evidence that Polnac had done nothing unlawful, Polnac was given a letter of reprimand.

10.    In the criminal cases styled, *State of Texas v. Michael Polnac*, Cause Nos. CR-1934403 and CR-1934404, in Hopkins County, Texas, County Court at Law, Polnac was found not guilty on all counts. On March 3, 2020, at trial, Plaintiff was acquitted of the charge for resisting arrest, search, or transportation. On March 6, 2020, the charge of interference with public duties was dismissed.

11.    As a result of the incident in question, Plaintiff suffered degradation, humiliation, embarrassment, loss of reputation and esteem, shame, fright, pain, and mental anguish.

12.    At all relevant times in question, Defendant City of Sulphur Springs operated and controlled the Sulphur Springs Police Department that employed Defendants Davis and Findley as police officers.

13.    At all relevant times in question, Defendant City of Sulphur Springs was responsible for hiring, training, supervision, discipline, and retention of its police officers, including Defendants Davis and Findley.

14.    At all relevant times in question, Defendants Davis and Findley were employees acting in the course and scope of employment.

15.    At all relevant times in question, Defendant City of Sulphur Springs promulgated the policies and customs of its Police Department, which Defendants Davis and Findley executed on the occasion in question.

## V.

## FEDERAL LAW CAUSES OF ACTION AGAINST EACH DEFENDANT

### VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

1.    Plaintiff realleges the facts stated above as if fully stated here.

2.    Each Defendant exercised power possessed by virtue of state law and made possible only because each Defendant is clothed with the authority of state law, which permits municipalities, such as the Defendant City of Sulphur Springs, to establish police departments, such as SSPD, and allows police departments to clothe individuals, such as individual Defendants Findley and Davis, with the authority of state law by designating them as police officers.

3.    Under 42 U.S.C. § 1983, Defendants, individually and in conspiracy with each other, under color of law, deprived Plaintiff of his right to be free from:

(a)    Unlawful searches and seizures in violation of the Fourth Amendment of the U.S. Constitution,

(b)    Excessive and unreasonable force in violation of the Fourth Amendment of the U.S. Constitution,

(c)    Deprivation of Plaintiff's physical liberty without due process of law in violation of the Fourteenth Amendment of the U.S. Constitution, and

(d)  Malicious prosecution without reasonable or probable cause and with full knowledge that the charges were false in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

4.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with reckless disregard for whether Plaintiff's rights would be violated by their actions.

5.  As a direct and proximate result of Defendants' acts and omissions, individually and collectively, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## VI.

## STATE LAW CAUSES OF ACTION AGAINST EACH DEFENDANT

### COUNT 1: FALSE ARREST AND FALSE IMPRISONMENT

1.  Plaintiff realleges the facts stated above as if fully stated here.

2.  Defendants willfully detained Plaintiff without his consent and without authority of law.

3.  As a direct and proximate result of Defendants' acts and omissions, individually and collectively, Plaintiff suffered damages.

### COUNT 2: MALICIOUS PROSECUTION

4.  Defendants initiated or procured the criminal prosecution against Plaintiff in two cases styled, *State of Texas v. Michael Polnac*, Cause Nos. CR-1934403 and CR-1934404, in Hopkins County, Texas, County Court at Law.

5.     The prosecution was terminated in Plaintiff's favor by acquittal. Plaintiff was innocent of all charges.

6.     Defendants did not have probable cause to initiate or procure the prosecution because on the occasion in question, Plaintiff (a) verbally identified himself, (b) did not move even a step from his standing position on his porch, (c) made no physical or verbal threat, (d) had no weapons on his body, (e) was not told what crime Plaintiff allegedly committed to justify his arrest, and (f)  was not read his Miranda rights.

7.     Defendants, individually and collectively, acted with malice by acting with ill will, gross indifference, or reckless disregard for Plaintiff's rights as to amount to a willful and wanton act.

8.     As a result of the prosecution, Plaintiff suffered damages.

### COUNT 3: UNREASONABLE SEIZURE OR SEARCH

9.     Defendants, individually and in conspiracy with each other, under color of law, deprived Plaintiff of his right to be free from unreasonable seizure or search without probable cause in violation of Article 1 § 9 of the Texas Constitution. Defendants did not have probable cause to search or seize Plaintiff on the occasion in question when no crime had been reported and Plaintiff (a) verbally identified himself, (b) did not move even a step from his standing position on his porch, (c) made no physical or verbal threat, (d) had no weapons on his body, (e) was not told

what crime Plaintiff allegedly committed to justify his arrest, and (f) was not read his Miranda rights.

10.    Defendants subjected Plaintiff to this deprivation of his right either maliciously or by acting with reckless disregard for whether Plaintiff's right would be violated by their actions.

11.    As a direct and proximate result of Defendants' acts and omissions, individually and collectively, Plaintiff was deprived of his physical liberty and suffered damages.

## VII.

## **DAMAGES**

1.    Plaintiff has experienced loss of reputation and esteem in the past and in all reasonable probability such loss of reputation and esteem will continue in the future.

2.    Plaintiff has experienced mental anguish and emotional distress, including degradation, humiliation, embarrassment, shame, loss of dignity, and fright, in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

3.    Plaintiff has experienced physical pain and suffering in the past.

4.    Plaintiff has suffered lost earnings in the past and in all reasonable probability such lost earning capacity will continue in the future.

5.      Plaintiff has incurred other post-incident expenses in the past, including expense to defend himself from the accusations.

## VIII.

## ATTORNEY'S FEES

Plaintiff seeks reasonable attorney's fees as provided by 42 USC §1988(b) for §1983 claims.

## IX.

## EXEMPLARY DAMAGES

Plaintiff's injuries and damages resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages.

## X.

## PRESERVATION

Defendants are hereby given notice that any document or other material, including electronically stored information, that may possibly be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XI.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff claims pre- and post-judgment interest in accordance with applicable law.

## XII.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover all his damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ T Nguyen*
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: tn@wturley.com,
davette@wturley.com

ATTORNEY FOR PLAINTIFF